■ WENDIE PETERS, an Infant, by Her Father and Natural Guardian, DANIEL PETERS, et al., Respondents, v UNION FREE SCHOOL DISTRICT NO. 11, BOARD OF EDUCATION, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant school district appeals from an order of the Supreme Court, Nassau County, dated May 25,

1979, which granted plaintiffs' motion to renew and, upon renewal, granted plaintiffs' motion to amend the complaint by increasing the *ad damnum* clause. Order modified by deleting therefrom the provision which granted the motion to amend, and substituting therefore a provision adhering to the original determination denying the motion to amend, but without prejudice to renew at the close of the plaintiffs' case at the trial on damages. As so modified, order affirmed, without costs or disbursements. Appellant is granted leave, if it be so advised, to conduct further physical and oral examinations of plaintiffs. Such examinations shall proceed at times and places to be fixed in written notices of not less than 10 days, to be given by appellant within 30 days after entry of the order to be made hereon, or at such times and places as the parties may agree. Following a jury finding of liability at a bifurcated trial, plaintiffs moved to amend the complaint by increasing the *ad damnum* clause from $50,000 to $500,000. The motion was predicated upon a re-evaluation of the injuries sustained by the infant plaintiff. In view of the fact that the motion to amend was not made until after the liability phase of the proceedings, and in the absence of an allegation of newly discovered or aggravated injury, it was an improvident exercise of discretion for Special Term to grant the motion to amend on the papers submitted. However, we are of the view that plaintiffs should be afforded an opportunity to demonstrate that the injuries sustained could properly result in a verdict in excess of that prayed for in the original complaint. Accordingly, the motion is denied with leave to renew at the close of the plaintiffs' case at the trial on damages. Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.